1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESHAWN LEAVELL GREEN,                 No.  2:23-cv-2243 KJM SCR P

12                  Plaintiff,

13         v.                               ORDER

14   STATE OF CALIFORNIA,

15                  Defendant.

16

17         Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed

19   in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to proceed

20   in forma pauperis, finds plaintiff states no claims for relief cognizable under §1983, and dismisses

21   the complaint with leave to amend.

22                          **IN FORMA PAUPERIS**

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

24   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26   §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## SCREENING

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act of 1871 under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

Plaintiff is an inmate at the California Medical Facility ("CMF"). Plaintiff names the State of California as the only defendant. In the body of plaintiff's complaint, he primarily discusses the prison system's delay in addressing his appeals. For relief, plaintiff states that he wants to be compensated for the "months that he was still housed at High Desert State Prison ["HDSP"]." Attachments to plaintiff's complaint indicate that his underlying allegations are that in April 2023 doctors recommended he be transferred from HDSP to a prison at a lower elevation due to his medical history. Plaintiff appears to complain that he was not transferred in a timely manner. When he filed his complaint in August 2023, plaintiff was incarcerated at CMF.

Initially, plaintiff is advised that the State of California is not an appropriate defendant. The Eleventh Amendment bars suit against the state. See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 requires plaintiff to identify a "person" and explain what that person has done to violate his constitutional rights.

3

1    To the extent plaintiff is contending that the length of the appeals process violated his

2 constitutional rights, that contention does not state a claim under §1983.  Prison officials are not

3 required under federal law to process inmate grievances in a specific way or to respond to them in

4 a favorable manner.  It is well established that "inmates lack a separate constitutional entitlement

5 to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

6 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon,

7 No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's

8 allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable

9 claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL

10 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to

11 timely process his inmate appeals failed to state a cognizable claim under the Fourteenth

12 Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2

13 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate

14 appeals without any basis failed to indicate a deprivation of federal rights).

15    While plaintiff may not challenge the length of the appeals process in this §1983 case, he

16 may be able to state a claim regarding prison officials' failure to transfer him.  A prison official

17 may violate a prisoner's Eighth Amendment rights when they are deliberately indifferent to the

18 prisoner's serious medical needs.  To state a claim that a defendant violated plaintiff's Eighth

19 Amendment rights regarding his medical care, plaintiff must allege facts showing that the

20 following legal standards are met.

21    First, plaintiff must show that he has a serious medical need.  A medical need is serious "if

22 the failure to treat the prisoner's condition could result in further significant injury or the

23 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

24 1992) (internal citation omitted), overruled on other grounds by WMX Techs., Inc. v. Miller, 104

25 F.3d 1133 (9th Cir. 1997) (en banc).  Indications of a serious medical need include "the presence

26 of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.

27 By establishing the existence of a serious medical need, a prisoner satisfies the objective

28 ////

4

1    requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834

2    (1994).

3        If plaintiff alleges sufficient facts to show the existence of a serious medical need, he must

4    then allege facts showing that prison officials responded to the serious medical need with

5    deliberate indifference.  See Farmer, 511 U.S. at 834.  In general, deliberate indifference may be

6    shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may

7    be shown by the way in which prison officials provide medical care.  Hutchinson v. United States,

8    838 F.2d 390, 393-94 (9th Cir. 1988).

9        Before it can be said that a prisoner's civil rights have been abridged with regard to

10   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

11   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

12   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06

13   (1976)); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere

14   negligence in diagnosing or treating a medical condition, without more, does not violate a

15   prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate

16   indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

17   ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

18       To show that a defendant was deliberately indifferent to his medical needs, plaintiff must

19   explain exactly what that the defendant did or did not do.  Plaintiff should use simple language to

20   tell the court why those facts show the defendant was deliberately indifferent.

21       Plaintiff is also informed that a prison official who reviews an appeal is typically not

22   liable for a denial of medical care.  "Only persons who cause or participate in the violations are

23   responsible.  Ruling against a prisoner on an administrative complaint does not cause or

24   contribute to the violation."  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).  However,

25   because prison administrators cannot willfully turn a blind eye to constitutional violations being

26   committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be

27   limited circumstances in which those involved in reviewing an inmate appeal can be held liable

28   under §1983.  An individual who denies an inmate appeal and who had the authority and

5

1   opportunity to prevent an ongoing constitutional violation could potentially be subject to liability

2   if the individual knew about an existing or impending violation and failed to prevent it. See Jett,

3   439 F.3d at 1098.

4                                                    **CONCLUSION**

5              This court finds above that plaintiff fails to state any claims for relief cognizable under

6   §1983.  This court will dismiss the complaint and give plaintiff leave to file an amended

7   complaint.

8              In an amended complaint, plaintiff must address the problems with his complaint that are

9   explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each

10  defendant and the action that defendant took that violated his constitutional rights.  The court is

11  not required to review exhibits to determine what plaintiff's charging allegations are as to each

12  named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

13  complaint.  The charging allegations must be set forth in the amended complaint so defendants

14  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

15  detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

16  each claim.  See Fed. R. Civ. P. 8(a).

17             Any amended complaint must show the federal court has jurisdiction, the action is brought

18  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

19  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a

22  constitutional right if that person was personally involved in the deprivation, set in motion acts by

23  others that resulted in the deprivation, or refused to terminate acts by others that resulted in the

24  deprivation).  "Vague and conclusory allegations of official participation in civil rights violations

25  are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

26             In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

27  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

28  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

                                                          6

1  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

2        The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set

3  forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A.,

4  534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which

5  was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a

6  complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on

7  its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is

8  plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference

9  that the defendant is liable for the misconduct alleged."  Id.

10        An amended complaint must be complete in itself without reference to any prior pleading.

11  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

12  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

13  evidentiary support for his allegations, and for violation of this rule the court may impose

14  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

15        For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

16  follows:

17        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

18        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

20  All fees shall be collected and paid in accordance with this court's order to the Director of the

21  California Department of Corrections and Rehabilitation filed concurrently herewith.

22        3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

23        4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

24  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

25  court's local rules.  The amended complaint must bear the docket number assigned this case and

26  must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance

27  with this order may result in a recommendation that this action be dismissed.

28  ////

7

1        5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2    form used in this district.

3    DATED: August 15, 2024

4

5    SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28