1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   DESHAWN LEAVELL GREEN,                    No.  2:23-cv-2243 KJM SCR P

12                    Plaintiff,

13          v.                                  ORDER

14   STATE OF CALIFORNIA,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action under 42 U.S.C. § 1983.  Before the court is plaintiff's first amended complaint ("FAC")

19   for screening.  (ECF No. 17.)  For the reasons set forth below, the court finds plaintiff states no

20   claims for relief cognizable under §1983 and dismisses the FAC with leave to amend.

21                                    SCREENING

22   I.      Legal Standards

23          The court is required to screen complaints brought by prisoners seeking relief against "a

24   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

25   performing this screening function, the court must dismiss any claim that "(1) is frivolous,

26   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

27   from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

28   when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

                                           1

1    (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

2    legal theory or factual contentions that are baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical

3    inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

4    factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).

5         In order to avoid dismissal for failure to state a claim a complaint must contain more than

6    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7    of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A claim upon which the

10   court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial

11   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

12   inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  When

13   considering whether a complaint states a claim, the court must accept the allegations as true,

14   <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

15   favorable to the plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

16        A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

17   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

18   including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

19   under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

20   (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  <u>Benavidez v.</u>

21   <u>County of San Diego</u>, 993 F.3d 1134, 1144 (9th Cir. 2021).

## II.    Factual Allegations in the First Amended Complaint

23        Plaintiff is a state prisoner at the California Medical Facility ("CMF").   Plaintiff's FAC

24   names High Desert State Prison as the sole defendant.  (ECF No. 17.)  Plaintiff alleges he is

25   classified as "high medical need" and was supposed to be moved to the Stockton Medical Facility

26   due to being in a wheelchair and having an "elevation restriction" order from an outside doctor.

27   (<u>Id</u>. at 3.)  Instead, in April 2023, plaintiff was sent to High Desert State Prison ("HDSP").

28   ///

2

1  Plaintiff moved to CMF in August 2023 after the outside hospital submitted a medical chrono on

2  his behalf.  (Id. at 3-4.)

3      Plaintiff alleges two claims against HDSP, both identified as "medical care" issues.  The

4  first claim is for the initial placement at HDSP against the outside doctor's medical endorsement.

5  (ECF No. 17 at 3.)  The second claim against HDSP is for keeping him at the prison for four

6  months.  (Id. at 3-4.)  Plaintiff does not identify the constitutional or other federal civil right that

7  was violated.  Plaintiff alleges pain and suffering from not being able to breathe at HDSP due to

8  the high elevation and seeks an unspecified amount of damages.  (Id. at 6.)

9                                  **DISCUSSION**

10     Upon screening, the undersigned determined that plaintiff's original complaint failed to

11  state any claims for relief under § 1983 and granted plaintiff leave to amend.  (ECF No. 14.)  As

12  relevant here, the screening order explained that plaintiff could not sue the sole named defendant,

13  the State of California, under § 1983, and that plaintiff failed to plead the elements of an Eighth

14  Amendment deliberate indifference to serious medical need claim.  (Id. at 3-5.)  Plaintiff has not

15  fixed these issues in his FAC but the court will grant leave to file a second amended complaint

16  consistent with the instructions below.

17     **I.      High Desert State Prison is not an appropriate defendant.**

18     The court advises plaintiff that like the State of California, HDSP is a state defendant that

19  cannot be sued under § 1983.  See Allison v. Cal. Adult Auth., 419 F.2d 822, 822-23 (9th Cir.

20  1969) (holding that a state prison is not a person under § 1983).  Section 1983 requires plaintiff to

21  identify a "person" and explain what that person or persons have done to violate his constitutional

22  rights.  If plaintiff chooses to file a second amended complaint, he must identify as a defendant or

23  defendants a person or persons (such as prison officials or staff members) that participated in the

24  violation of his rights.

25     **II.     Plaintiff failed to state a cognizable Eighth Amendment deliberate**

26              **indifference to medical needs claim.**

27     In the last screening order, the court provided plaintiff with the legal standards for

28  pleading an Eighth Amendment deliberate indifference to serious medical needs claim.  (ECF No.

14 at 4-5.)  Although plaintiff's FAC identified both of his claims as relating to "medical care," he still did not plead the required elements.  Specifically, plaintiff did not explain how any persons acted with deliberate indifference.  In a second amended complaint, plaintiff must identify a person or persons and explain exactly what they did or did not do.  Plaintiff should use simple language to tell the court why those facts show that the person or persons were deliberately indifferent.

Plaintiff should also review the following legal standards before amending.  The test for deliberate indifference to serious medical needs consists of two parts.  <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  (<u>Id</u>., citing Estelle, 429 U.S. at 104.)  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  <u>Lopez</u>, 203 F. 3d at 1131-1132, citing <u>McGuckin</u>, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  <u>Jett</u>, 439 F.3d at 1096.  This second part is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  (<u>Id</u>.)  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  (<u>Id</u>. at 839.)  A showing of merely negligent medical care is not enough to establish a constitutional violation.  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998), citing <u>Estelle</u>, 429 U.S. at 105-106.

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment"— or other action—"the doctors chose was medically unacceptable under the circumstances and that

4

1  the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's

2  health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal

3  quotation marks omitted).  A difference of opinion about the proper course of treatment is not

4  deliberate indifference, nor does a dispute between a prisoner and prison officials over the

5  necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g.,

6  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th

7  Cir. 1989).  Moreover, as for any § 1983 claim, there must be an actual causal link between the

8  actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't

9  of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10  1980).

11        **III.    Legal Standards Governing Amended Complaints**

12        Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

13  FAC fails to state a claim upon which relief can be granted.  Plaintiff has named one defendant,

14  High Desert State Prison, that cannot be sued under § 1983 and did not plead cognizable Eighth

15  Amendment deliberate indifference to serious medical needs claims.  Because of these defects,

16  the court will not order the FAC to be served on defendants.

17        Plaintiff may try to fix these problems by filing a second amended complaint.  If plaintiff

18  chooses to file an amended complaint, he must demonstrate how the conditions about which he

19  complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362,

20  370-71 (1976).  The complaint must also allege in specific terms how each named defendant is

21  involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be

22  no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

23  defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th

24  Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil

25  rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

26  (citations omitted).

27        Plaintiff is also informed that the court cannot refer to a prior pleading to make his

28  amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

1   in itself without reference to any prior pleading.  This is because, as a general rule, an amended

2   complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

3   (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer

4   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

5   each claim and the involvement of each defendant must be sufficiently alleged.

6                    **PLAINTIFF'S REQUESTS FOR CLARIFICATION**

7         Plaintiff has filed two requests for clarification regarding his in forma pauperis status.

8   (ECF Nos. 18 and 19.)  Plaintiff states that because he is proceeding in forma pauperis, his filing

9   fees were waived and should not be deducted from his trust account.  He also requests copies of

10  the court's prior orders on his in forma pauperis application for his records.  (Id.)

11        As explained in the court's order granting plaintiff's in forma pauperis ("IFP") application

12  (ECF No. 14 at 1-2), the IFP statute requires prisoners proceeding in forma pauperis to pay the

13  $350.00 filing fee in monthly installments that are taken from the prisoner's trust account, rather

14  than in one lump sum.  (28 U.S.C. §§ 1914(a).)  By that order, the court directed the prison to

15  remove an initial partial filing fee from plaintiff's trust account.  (Id. (citing 28 U.S.C. §

16  1915(b)(1)).)  The court then issued a separate order directing CDCR to deduct monthly payments

17  of twenty percent of the prior month's income to be taken from plaintiff's trust account.  (ECF

18  No. 15.)  These payments will be taken until the $350 filing fee is paid in full.  (Id. at 1-2 (citing

19  28 U.S.C. § 1915(b)(2)).)  The Clerk of the Court shall provide copies of these orders to plaintiff.

20                                  **CONCLUSION**

21        In accordance with the above, IT IS HEREBY ORDERED that:

22        1.  Plaintiff's first amended complaint (ECF No. 17) fails to state a claim upon which

23  relief can be granted, see 28 U.S.C. § 1915A, and will not be served.

24        2.  Within sixty days from the date of service of this order, plaintiff may file an amended

25  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

26  court's Local Rules.  The amended complaint must bear the docket number assigned this case and

27  must be labeled **"Second Amended Complaint."**  Failure to file an amended complaint in

28  accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send to plaintiff:

    a. A copy of the prisoner complaint form used in this district; and

    b. Copies of the court's prior orders, ECF Nos. 14 and 15.

DATED:  March 27, 2025.


SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE